**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| JASON SCHULTZ,<br><br>    Plaintiff,<br><br>v.<br><br>ELIZABETH K. MEFFEN, et al.<br><br>    Defendants. | No. 18-cv-11818-DLC |

**MEMORANDUM AND ORDER ON DEFENDANTS'**
**MOTION TO DISMISS**

CABELL, U.S.M.J.

State inmate Jason Schultz has brought a pro se action against two of the prison's medical providers, Dr. Van Nguyen and Jessica Roy, for failing to provide him with adequate medical care.[1] The defendants move to dismiss (D. 31). For the reasons set forth below, the motion to dismiss will be ALLOWED.

**I. RELEVANT BACKGROUND**

The allegations in the amended complaint are taken as true for purposes of the motion to dismiss. The plaintiff is serving a prison term at MCI-Cedar Junction in Walpole, Massachusetts. (Amended Complaint [Complaint] at ¶ 2). Ms. Roy is the Mental

---

[1] Schultz originally brought suit against several prison officials but some were never properly served and others have been dismissed through settlement, leaving the two defendants here as the only remaining defendants in the case.

Health Director at the prison and Dr. Van Nguyen is a staff psychiatrist there. (Id. at ¶ 11, 26).

In 2008, defendant Van Nguyen and another staff psychiatrist named Earl Maruccio examined the plaintiff and diagnosed him with manic bipolar disorder. (Id. at ¶¶ 32). In 2014, they re-diagnosed, and also misdiagnosed the plaintiff with anti-social personality disorder, anti-anxiety disorder, steroid disorder and tobacco disorder. (Id. at ¶¶ 4, 32). The plaintiff was placed in solitary confinement as a result of this misdiagnosis/misclassification, as well as because of false reports filed by (other) Department of Correction officials regarding his behavior. (Id. at ¶ 4).

During his time on the seclusion ward, defendant Roy approved a false report written by Elizabeth Meffen, the Director of Clinical Services, which falsely indicated that Schultz had been provided a "bed-roll" and a "book of my choice." Defendant Roy (and Meffen) also deprived the plaintiff of rehabilitative and educational services contrary to the policy of the DOC and the Corrective-Care-Solutions (CCS), a corporation contracted by the DOC. This deprivation in turn impaired the plaintiff's ability to shorten his sentence by earning good-time credits. Defendant Roy (and Meffen) also deprived the plaintiff of his access to personal and legal mail, legal counsel via telephone, outside recreation

time, hygiene items, and assistance with using the law library and resources contained within. (Id. at ¶ 65).

In addition, in January 2017, defendants Van Nguyen and Roy reclassified the plaintiff as "severely mentally ill." (Id. at ¶ 59). As a result of this reclassification, officials moved the plaintiff to the Behavioral Management Unit (BMU) on March 8, 2017. (Id.). While in the BMU, defendant Roy and others reduced the plaintiff's "earned-sentence-reduction" from ten days a month and twenty days for program completion, to five days a month and ten days upon completion. (Id. at ¶ 74). Defendant Roy and others aloso minimized the plaintiff's ability to reduce his sentence by only allowing him to enroll in one "spectrum services program" at a time, and by creating requirements for the plaintiff's treatment that were unrealistic for someone with his medical history to complete. (Id. at ¶ 75-76). The complaint also appears to allege that defendant Roy along with others denied the plaintiff access to educational and rehabilitative programing while he was in the BMU. (Id. at ¶ 72).

## II. SPECIFIC CLAIMS AGAINST THE DEFENDANTS

Count IV of the amended complaint alleges that the defendants acted with "deliberate indifference to [the plaintiff's] serious mental health needs," and failed "to accommodate a serious disability." Although listed as a single count, Count IV asserts three claims, for (1) violation of the plaintiff's First, Eighth

and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983; (2) violation of Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132; and (3) violation of section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

### III. LEGAL STANDARD

When ruling on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), the court must accept as true all well-pleaded facts and draw all reasonable inferences in favor of the plaintiff. *See Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). The court is "not bound, however, to credit 'bald assertions, unsupportable conclusions, and opprobrious epithets' woven into the fabric of the complaint." *In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 15 (1st Cir. 2003) (quoting *Chongris v. Bd. Of Appeals*, 811 F.2d 36, 37 (1st Cir. 1987)). Dismissal is appropriate if the complaint fails to allege a "plausible entitlement to relief." *Rodriguez-Ortiz v. Caribe*, 490 F.3d 92, 95 (1st Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007)). Where, as here, the plaintiff is proceeding *pro se*, the complaint will be construed liberally, and will "only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation omitted).

Under the liberal notice pleading standard established by Fed. R. Civ. P. 8(a), a plaintiff is required to submit "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotations, citation, and punctuation omitted). Accordingly, "[p]laintiffs only are obliged to set forth in their complaint 'factual allegations either direct or inferential, regarding each material element necessary to sustain recovery under some actionable legal theory." *Raytheon Co. v. Cont'l Cas. Co.*, 123 F. Supp. 2d 22, 26-27 (D. Mass. 2000) (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal punctuation and citations omitted). Accordingly, the factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

## IV. DISCUSSION

### *The § 1983 Claim*

The plaintiff alleges a violation of his First, Fourteenth and Eighth Amendment rights.

The First and Fourteenth Amendment claims fail summarily because the plaintiff fails to articulate what specific First or Fourteenth Amendment rights have been impacted by the defendants' conduct, and the court is unable to readily discern what specific conduct (aside from his medical treatment and care) the plaintiff contends was unlawful.

Turning to the plaintiff's principal claim, he alleges that the defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment's protection against cruel and unusual punishment.  In order to prove an Eighth Amendment violation based on deliberate indifference, a prisoner must show that the official: (1) engaged in "objectively, sufficiently serious" conduct; and (2) acted with "deliberate indifference" to the inmate's health or safety. *Calderon-Ortiz v. LaBoy-Alvarado*, 300 F.3d 60, 64 (1st Cir. 2002) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).  By contrast, "subpar care amounting to negligence or even malpractice does not give rise to a constitutional claim." *Leavitt v. Corr. Med. Services, Inc.*, 645 F.3d 484, 497 (1st Cir. 2011).

The complaint alleges that the plaintiff suffered from a variety of mental health conditions but fails to allege facts sufficient to show that the defendants were deliberately indifferent to his mental health needs. Rather, the complaint alleges that the plaintiff was misdiagnosed with antisocial personality disorder, rather than bipolar disorder, as a result of a "cursory examination" and an "oversight" by the doctors involved, and that the misdiagnosis resulted in the plaintiff being placed in settings that restricted his access to certain benefits and affected his ability to earn credits.

As such, and without seeking to trivialize the plaintiff's concerns, the complaint alleges mere negligence, and mere negligence does not rise to the level of a constitutional violation cognizable under section 1983. *Estelle v. Gamble*, 429 U.S. 87, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.").

Count IV thus fails as framed to state a viable § 1983 claim.

### The ADA and Rehabilitation Act Claims

The plaintiff also alleges a violation of the ADA and the Rehabilitation Act. As an initial matter, I will dismiss these claims insofar as the plaintiff seeks to assert them against the defendants in their individual (rather than official) capacities. "[N]either Title II of the ADA nor § 504 of the Rehabilitation Act

7

provides for individual capacity suits against state officials." *See e.g., Garcia v. S.U.N.Y. Health Sci. Ctr. Of Brooklyn,* 280 F.3d 98, 107 (2d Cir. 2001).

With respect to claims against the defendants in their official capacities, both statutes set out similar requirements in order to prevail.  Under Title II of the ADA the plaintiff must show that he was excluded from participating in, or denied the benefits of a public entity's services, programs, or activities or was otherwise discriminated against, and that such exclusion, denial of benefits, or discrimination was by reason of his disability.  *See Kiman v. N.H. Dept. of Corrections*, 451 F.3d 274, 283 (1st Cir. 2006) (quoting *Parker v. Universidad de Puerto Rico*, 225 F.3d 1, 5 (1st Cir. 2000)).  Section 504 of the Rehabilitation Act similarly provides that a plaintiff must show that he is disabled, that he sought services from a federally funded entity, that he was otherwise qualified to receive those services, and that he was denied those services solely by reason of his disability.  *See Lesley v. Hee Man Chie*, 250 F.3d 47, 53 (1st Cir. 2001).

The complaint here fails to assert a plausible claim under either statute.  Although the complaint alleges that defendant Roy deprived the plaintiff of access to certain resources and programs within the prison, including access to personal and legal mail, outside recreation, hygiene items, and law library access, among

other things, and also alleges that both defendants in 2017 had the plaintiff moved to the BMU, which adversely affected his ability to earn credits to reduce his sentence, it fails to allege any facts suggesting that defendants were responsible for any of the alleged deprivations, or that either acted intentionally to deprive the plaintiff of a benefit or service because of his disability. The complaint thus fails to assert sufficient facts to make out a violation of either statute.

## V. CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss the complaint (D. 31) is **ALLOWED**. (D. 31).

With respect to the plaintiff's § 1983 claim, the dismissal is without prejudice.

With respect to the ADA and Rehabilitation Act claims, the dismissal is with prejudice to the extent the claims are asserted against the defendants in their individual capacities, but without prejudice to the extent they are asserted against them in their official capacities.

For those portions of the complaint where dismissal is without prejudice, the defendant is granted leave to file an amended complaint, assuming he has a good faith basis to assert additional specific and nonconclusory facts showing an entitlement to relief.

To account for possible delays in correspondence flowing to or from the prison, the plaintiff will be given 45 (rather than 30) days from the docketing of this Order to make any filing. Accordingly, any filing must be received in the court by November 14, 2019.[2]

**_SO ORDERED._**

/s/ Donald L. Cabell_____
DONALD L. CABELL, U.S.M.J.

DATED:   September 30, 2019

---

[2] The court does not address for now whether, assuming the section 1983 claim is read only to assert negligence or malpractice, it should also be dismissed for failure to comply with M.G.L. c. 231, § 60L.